# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Raindrops Licensing LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Pandora Media, LLC,**<br><br>Defendant. | Case No.<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Raindrops Licensing LLC ("Plaintiff"), through its attorneys, files this Complaint for patent infringement against Pandora Media, LLC ("Defendant"), and alleges as follows:

### PARTIES

1. Plaintiff Raindrops Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 2108 Dallas Pkwy, Ste 214 - 1063, Plano, TX 75093.

2. Defendant Pandora Media, LLC is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 2100 Franklin Street, Suite 700, Oakland, CA 94612. Defendant can be served through its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b), because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Plaintiff has suffered harm in this district.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 6,609,096 (the "'096 Patent" or the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

### The '096 Patent

8. The '096 Patent is entitled "System and method for overlapping audio elements in a customized personal radio broadcast," and issued August 19, 2003. The application leading to the '096 Patent was filed on September 7, 2000. A true and correct copy of the '096 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '096 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '096 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement.**  Defendant has been and continues to directly infringe one or more claims of the '096 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '096 Patent also identified in the charts incorporated into this Count below (the "Exemplary '096 Patent Claims") literally or by the doctrine of equivalents.  On information and belief, numerous other devices that infringe the claims of the '096 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '096 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. Defendant has had knowledge and notice of the '096 patent, as well as of its own infringement of the '096 patent, at least since the date of the filing of the present Complaint.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '096 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '096 Patent.  Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '096 Patent.

15. On information and belief, Defendant's infringement of the '096 patent has been and continues to be willful.

16. Defendant's infringement of the '096 patent renders this case exceptional within the meaning of 35 U.S.C. § 285, for which Plaintiff is entitled to enhanced damages.

17. **Induced Infringement.**  Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '096 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to its customers for use in end-user products in a manner that infringes one or more claims of the '096 Patent.

18. **Contributory Infringement.**  Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '096 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '096 Patent.  Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial non-infringing use.

19. Exhibit 2 includes charts comparing the Exemplary '096 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '096 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '096 Patent Claims.

20. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

21. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

### JURY DEMAND

22. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A. That Defendant has infringed one or more claims of the '096 Patent;

B. That Plaintiff be awarded all damages adequate to compensate it for Defendant's infringement of the '096 Patent, such damages to be determined by a jury and an accounting, if necessary, to compensate Plaintiff adequately for Defendant's infringement;

C. That the damages awarded to Plaintiff be trebled, with pre-judgment and post-judgment interest, costs, expenses, and disbursements as justified under 35 U.S.C. § 284;

D. That this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees incurred in prosecuting this action; and

E. That Plaintiff be awarded such other relief as this Court deems just and proper.

Dated: July 30, 2020                                Respectfully submitted,

Together with:                                      CHONG LAW FIRM PA

Franklin D. Kang, Esq.                              */s/Jimmy Chong*
Global Law & IP, PC                                 Jimmy Chong (#4839)
25521 Prado de Oro                                  2961 Centerville Road, Suite 350
Calabasas, CA 91302                                 Wilmington, DE 19808
Telephone: (310) 951-1123                           Telephone: (302) 999-9480
Email: franklindkang@gmail.com                      Facsimile: (877) 796-4627
                                                    Email: Chong@chonglawfirm.com

                                                    ATTORNEYS FOR PLAINTIFF