IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RAINDROPS LICENSING LLC, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 20-1027-LPS |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| PANDORA MEDIA, LLC, | ) |
| | ) |
| Defendant. | ) |

### ANSWER OF DEFENDANT PANDORA MEDIA, LLC TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Pandora Media, LLC ("Defendant") hereby submits its Answer and Defenses to Plaintiff Raindrops Licensing LLC's ("Plaintiff") Complaint for patent infringement ("Complaint") (D.I. 1). To the extent a response is required to the unnumbered preamble of Plaintiff's Complaint: Denied.

### PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2. Defendant admits that it is a Delaware limited liability company with a place of business at 2100 Franklin St., Suite 700, Oakland, CA, 94612. Defendant further admits it can be served through its registered agent The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. To the extent that any further response is required: Denied.

### JURISDICTION

3. Defendant admits that the Complaint purports to state an action under the patent laws of the United States, Title 35 of the United States Code.

4. Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. To the extent that the allegations of Paragraph 5 of the Complaint set forth legal conclusions, no response is required.  For purposes of this action only, Defendant admits that the Court has personal jurisdiction over Defendant, but denies that it has committed acts of patent infringement within or directed to this District.  To the extent that any further response is required:  Denied

## VENUE

6. To the extent that the allegations of Paragraph 6 of the Complaint set forth legal conclusions, no response is required.  Defendant denies that it has committed acts of patent infringement within or directed to this District, and that it has an established place of business in this District.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 6 of the Complaint, and therefore denies them.

## PATENT-IN-SUIT

7. Defendant admits that Plaintiff's Complaint purports to assert infringement of United States Patent No. 6,609,096 (the "'096 patent" or the "Patent-in-Suit").  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint, and therefore denies them.  To the extent that any further response is required:  Denied.

## THE '096 PATENT

8. Defendant admits that the '096 patent on its face is titled "System and method for overlapping audio elements in a customized personal radio broadcast," and states that it was issued on August 19, 2003.  Defendant further admits that the '096 patent on its face states that

the application leading to the '096 patent was filed on September 7, 2000. Defendant also admits that a purported copy of the '096 patent was attached to the Complaint as Exhibit 1. To the extent that any further response is required: Denied.

9. To the extent that the allegation of Paragraph 9 of the Complaint set forth legal conclusions, no response is required. To the extent that any further response is required: Denied.

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '096 PATENT

10. Defendant incorporates its response above to the allegations in the unnumbered preamble and preceding paragraphs of the Complaint as if set forth fully herein.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant admits that it has had knowledge of the '096 patent since on or about the filing of the Complaint. Defendant denies the remaining allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. To the extent a response to the statements in Paragraph 20 of the Complaint is required: Denied.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

## RESPONSE TO REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Except as expressly admitted herein, Defendant denies each and every allegation contained in Plaintiff's Complaint.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), without assuming any burden that it would not otherwise bear, and reserving the right to assert additional defenses, at law or in equity, which may now exist or in the future may become known or available as the result of discovery in this case, Defendant asserts the following defenses:

### FIRST DEFENSE
(Non-infringement)

Defendant has not infringed and does not infringe, directly or indirectly, contributorily or by inducement, any claim of the Patent-in-Suit, either literally or under the doctrine of equivalents, or in any other manner.

### SECOND DEFENSE
(Invalidity)

The claims of the Patent-in-Suit are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 100, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. By way of example only, and without limitation, the claims of the Patent-in-Suit are invalid under 35 U.S.C. §§ 102 and/or 103 and claim patent ineligible subject matter under 35 U.S.C. § 101.

### THIRD DEFENSE
(Patent Exhaustion)

Plaintiff's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

### FOURTH DEFENSE
(Equitable Estoppel, Waiver, Acquiescence, and Unclean Hands)

Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of estoppel, waiver, acquiescence, and/or unclean hands.

### FIFTH DEFENSE
(35 U.S.C. § 287)

Any claim for damages for patent infringement by Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement.

### SIXTH DEFENSE
(Limitation on Damages under 35 U.S.C. § 286)

Plaintiff's claims for monetary relief, if any, are limited by 35 U.S.C. § 286.

### SEVENTH DEFENSE
(Failure to State a Claim)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

For example, Plaintiff's Complaint fails to state a plausible claim for infringement because it does not provide sufficient explanation of how the elements of the asserted claims are met or otherwise describe the acts of infringement with sufficient specificity to satisfy the pleading requirements under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic v. Twombly*, 550 U.S. 554 (2007).  Plaintiff's allegations regarding indirect infringement are lacking, as Plaintiff fails to allege facts supporting its conclusory statements that Defendant specifically intended its customers to infringe, and that the accused products have no substantial non-infringing uses.

### EIGHTH DEFENSE
(35 U.S.C. § 288)

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this action.

## NINTH DEFENSE
(Prosecution History Estoppel)

Plaintiff is estopped because of prosecution history estoppel and/or disclaimer from construing or interpreting any claims of the Patent-in-Suit to cover or include, either literally or by application of the doctrine of equivalents, any acts of Defendant, by reason of the proceedings in the United States Patent & Trademark Office ("USPTO") during prosecution of the applications leading to the issuance of the Patent-in-Suit, and admissions and representations made therein to the USPTO by the applicants, any disclosures, and/or language in the specifications of the Patent-in-Suit, and/or limitations in the claims of the Patent-in-Suit.

## TENTH DEFENSE
(Plaintiff Not Entitled to Fees)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Defendant pursuant to 35 U.S.C. § 285.

## RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendant respectfully requests a jury trial on all issues so triable, including without limitation, Plaintiff's claims and Defendant's defenses.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant respectfully prays for judgment against Plaintiff as follows:

a) Dismissing Plaintiff's Complaint with prejudice;

b) Entering a judgment that Defendant has not infringed and does not infringe any valid claim of the Patent-in-Suit;

    c)    Entering a judgment that the Patent-in-Suit is invalid and not enforceable;

    d)    Entering a permanent injunction preventing Plaintiff, its agents, employees, and all persons acting in concert or participation with it, from charging that any claim of the Patent-in-Suit is infringed by Defendant or its customers;

    e)    Finding that this case is exceptional and awarding Defendant its reasonable attorneys' fees under 35 U.S.C. § 285;

    f)    Awarding Defendant its costs and expenses; and

    g)    Awarding Defendant such other relief as the Court deems just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Bryan A. Kohm
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Tel:  (415) 875-2300

Jonathan T. McMichael
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA 98101
Tel:  (206) 389-4510

Dated:  October 23, 2020
6912483 / 50490

By:  */s/ Stephanie E. O'Byrne*
    David E. Moore (#3983)
    Stephanie E. O'Byrne (#4446)
    Tracey E. Timlin (#6469)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    dmoore@potteranderson.com
    sobyrne@potteranderson.com
    ttimlin@potteranderson.com

*Attorneys for Defendant Pandora Media, LLC*